UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60646-CIV-GAYLES/WHITE

**ANDREW HOCHSTADT,**
           **Plaintiff,**

    v.

**SCOTT ISRAEL, et al.,**
           **Defendants.**
_____/

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE**

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report re: Dismissal of Complaint—28 U.S.C. § 1915(g) and Denial of IFP Motion (the "Report") [ECF No. 7] entered on March 31, 2016. Plaintiff Andrew Hochstadt filed a Complaint against Defendants Scott Israel, as Broward County Sheriff, and the Broward County Commissioners on March 28, 2016 [ECF No. 1]. The matter was referred to Judge White, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

Judge White's Report recommends that the Court deny the Plaintiff's motion to proceed *in forma pauperis* and dismiss this action because his Complaint runs afoul of the "three strikes" provision of 28 U.S.C. § 1915(g), which bars a prisoner from bringing civil actions under 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Judge White noted that the Plaintiff has previously filed four cases in this District, each of which was dismissed in a manner that qualifies as a "strike" under the statute, and determined that the Plaintiff is not entitled

to proceed under the "imminent danger" exception, as he has made no factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing. Objections to the Report were due by April 18, 2016. To date, no objections have been filed.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note. The Court has undertaken this review and has found no clear error in the analysis and recommendations stated in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 7] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

The Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 4] is **DENIED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of April, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE